In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00411-CR
_____

**MELANIE CAROL NOBLES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 14-18495**

**MEMORANDUM OPINION**

In this appeal, Melanie Carol Nobles'[1] court-appointed counsel submitted a

brief in which counsel contends that no arguable grounds can be advanced to support

Nobles' appeal from her conviction for injuring an elderly individual.[2] We have

reviewed the record, and we agree no arguable issues exist to support Nobles' appeal.

---

[1] The record indicates that Melanie Carol Nobles is also know as Melanie
Carol Netterville. We refer to the appellant as Nobles.

[2] *See* Tex. Penal Code Ann. § 22.04(a)(3), (f) (West 2019).

1

On appeal, Nobles' counsel filed an *Anders* brief presenting counsel's professional evaluation of the record. In the brief, counsel concludes that he is unable to raise any arguable issues to support Nobles' appeal.[3] After counsel submitted the *Anders* brief, we granted an extension of time to allow Nobles to file a *pro se* response. Nobles, however, did not file one.

Based on the terms of a plea agreement, Nobles pleaded guilty in 2015 to injuring an elderly individual, a third-degree felony.[4] In carrying out the plea agreement, the trial court deferred finding Nobles guilty of injuring an elderly individual and placed her on community supervision for ten years.

In July 2018, the State moved the trial court to revoke its deferred-adjudication order. The State's motion alleges Nobles violated the order in six different ways, which are described in the motion. During the hearing the trial court conducted on the motion to revoke, Nobles pleaded "true" to violating the deferred-adjudication order in three of the ways the State alleged in its motion. Given that Nobles agreed to three of the alleged violations, the trial court granted the State's motion, revoked the order it used to place Nobles on deferred adjudication,

---

[3] *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

[4] *See* Tex. Penal Code Ann. § 22.04(a)(3), (f).

2

pronounced Nobles guilty of injuring an elderly individual, and sentenced Nobles to eight years in prison.[5]

Based on our review of the appellate record and the *Anders* brief filed by counsel, we agree with counsel's conclusion that no arguable issues support Nobles' appeal. We conclude that Nobles' appeal is frivolous,[6] and that we need not appoint new counsel to re-brief her appeal.[7]

Nevertheless, we note the trial court's judgment contains a clerical error. It references subsection *22.04(a)(1)(e)* of the Penal Code,[8] a statute that carries the penalties associated with either a first or a second-degree felony. But the reporter's record from the hearing on Nobles' guilty plea shows Nobles pleaded guilty to committing a third-degree felony for injuring an elderly individual: that offense violates subsection *22.04(a)(3)(f)* of the Penal Code.[9]

---

[5] *See id.* § 22.04(a)(3), (f); *see also id.* § 12.34 (West 2019).

[6] *See Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015) ("A plea of true, standing alone, is sufficient to support the revocation of community supervision and adjudicate guilt.").

[7] *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring court appointment of other counsel only if it is determined that arguable grounds exist to support the appeal).

[8] Tex. Penal Code Ann. § 22.04(a)(1)(e) (West 2019).

[9] *Id*. § 22.04(a)(3), (f).

We may modify a trial court's judgment to make the record speak the truth if we have the necessary information before us to do so.[10] Our authority to correct a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court."[11] We may act *sua sponte* and may have the duty to do so.[12] Accordingly, we modify the trial court's judgment in Trial Court Cause Number 14-18495 to reflect that the judgment is based on Nobles' violation of section *22.04(a)(3)(f)* of the Texas Penal Code.[13] As reformed, the trial court's judgment is affirmed.[14]

AFFIRMED AS REFORMED.

_____
HOLLIS HORTON
Justice

Submitted on June 26, 2019
Opinion Delivered October 2, 2019
Do Not Publish
Before McKeithen, C.J., Horton and Johnson, JJ.

---

[10] Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993).

[11] *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref'd).

[12] *Id*. at 530.

[13] Tex. Penal Code Ann. § 22.04(a)(3), (f).

[14] Nobles may challenge our decision in the case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.